# SUPREME COURT

AT THE

### JANUARY TERM, 1871, HELD IN VIRGINIA CITY.

---

Present:

Hon. HENRY L. WARREN, Chief Justice.
Hon. HIRAM KNOWLES, } Justices.
Hon. GEORGE G. SYMES, }

---

## Murphy, respondent, v. Ames et al., appellants.

Practice—*probate judge cannot issue summons—jurisdiction.* A judge of the probate court has no power to issue and attest a summons under his own hand, if there is no law providing for a clerk or seal of the court, and no jurisdiction is acquired by such a summons.

Practice—*special appearance—jurisdiction.* The special appearance of a party for the purpose of moving to dismiss the action confers no jurisdiction upon the court.

*Appeal from the Third District, Lewis and Clarke County.*

Murphy commenced this action against T. P. and J. A. Ames, in the probate court of Lewis and Clarke county, in April, 1868, to recover $231. A summons was issued under

the hand and seal of M. F. Truett, probate judge. The defendants then appeared, specially, for the purpose of making a motion to dismiss the action and quash the summons, because there was no legal summons issued under the seal of the court, and signed by the clerk thereof. The motion was overruled by the court, and the defendants' attorneys withdrew. Judgment was rendered in favor of plaintiff, and defendants appealed to the district court.

In April, 1870, in the district court, SYMES, J., the judgment of the probate court was affirmed, and defendants appealed.

CHUMASERO & CHADWICK, for appellants.

The probate courts are courts of record. There can be no court without a special enactment of the legislature. A court should have a judge and a prothonotary. Bouv. L. D., "Court."

The practice of the probate court is regulated by that of the district court. Acts 1867, 259, § 7. Suits must be commenced in the probate court by filing the complaint with the clerk of the court, and the issuing of a summons thereon. The clerk must indorse the complaint and sign the summons. Civil Prac. Act, §§ 22, 23. These sections must be strictly construed. The summons was not signed by "the clerk of the court," and the action should have been dismissed.

The mode of commencing suits and acquiring jurisdiction of parties is regulated by the civil practice act and not by common law. The act must be strictly followed. *Dupuy* v. *Shear*, 29 Cal. 238.

WOOLFOLK & TOOLE, for respondent.

The organic act does not make probate courts courts of record, or require the appointment of a clerk in such courts. Organic Act, § 9 ; Amended Organic Act, § 2.

There is no law making probate courts courts of record. They are courts of inferior jurisdiction. Acts 1865, 390, § 1. Probate judges are allowed fees for issuing a summons and

performing duties that appellants claim they could not perform. Acts 1865, 473, 474. Clerks of the district court receive fees for similar services. Acts 1865, 470 ; Acts 1867, 248, §§ 1, 7.

If probate courts were courts of record under the laws of Montana, they are not common-law courts of record. Common-law courts may be modified by statute. The legislature contemplated that the judges of probate courts should discharge the duties of clerk.

There was no such office as clerk of the probate court until December 30, 1868. Acts 1869, p. 70. There could be no legal appointment until this office had been created. The organic act and the statutes had conferred powers upon the probate courts. This grant of powers carries with it every thing necessary to its complete exercise. The right of a probate judge to issue a summons would be implied as incident to its powers, even if there were no law giving him this right. Acts 1865, 139, § 482, *Nougues* v. *Douglass*, 7 Cal. 80 ; *Kennedy* v. *Hamer*, 19 id. 374.

Section 22 of the practice act was borrowed from California and doubtless left in the act through mistake. It does not prevent a probate judge from acting as his own clerk.

WARREN, C. J. The only question presented in this record is, whether the probate court acquired jurisdiction in the cause by the service upon defendants of a summons issued under the hand of the judge of that court. This was before the passage of the act of the legislative assembly making provision for clerks of the probate courts. The civil practice act, however, then in force, prescribed the manner of commencing actions in the probate courts, and required the summons to be issued under the hand of the clerk, and the seal of the court. The fact that the statute had made no provision for either clerk or seal for such courts did not confer upon the judge the power to issue and attest a summons under his own hand. Voluntary appearance would be sufficient to confer jurisdiction, but the defendants in this case having confined their appearance to

the sole purpose of moving for a dismissal, and not being properly in court, the proceedings and judgment were *coram non judice* and must be set aside.

The judgment is reversed and cause remanded.

*Judgment reversed.*